**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                        **05-CR-360A(Sr)**

**CHRIS CAIN,**

        **Defendant.**

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Chris Cain ("the defendant"), has filed a motion wherein he seeks an "order disqualifying Assistant United States Attorney Anthony M. Bruce, Esq. from prosecution of this case and all related actions and proceedings in the United States Courts (sic) against Defendant Chris Cain and for (sic) co-defendants in this case." (Docket #74).

The government has filed a Response in opposition to this motion (Docket #77) along with an affidavit sworn to by Assistant United States Attorney Bruce ("Bruce") on October 25, 2006. (Docket #78).

## **FACTS**

AUSA Anthony Bruce ("Bruce") has been assigned as "lead prosecutor in an investigation that has led to, among others, the indictment of Shawna Fish, for a violation of 18 U.S.C. § 1623 (making false material statements while testifying under oath before the grand jury (*United States v. Fish*, 05-CR-228-A), and the indictment of David Cain, Jr., Chris Cain, and James (sic) Soha." (Docket #78, ¶ 1).

Shawna Fish first appeared before the grand jury on February 1, 2005 wherein she allegedly gave false testimony relating to the grand jury investigation of David Cain, Jr. (Docket #78, ¶ 6(c)). On May 3, 2005, Bruce and case investigators "interviewed Shawna Fish at length, and during that interview, Ms. Fish, in essence, confessed to having committed perjury when she testified before the grand jury on February 2, (sic) 2005." (Docket #78, ¶ 7). "Shortly after [that] interview . . . Ms. Fish reappeared before the May 2004 grand jury and, in sum and substance, confessed under oath to having committed perjury during her prior (February 1, (sic) 2005 appearance," which testimony "was recorded in its entirety." (Docket #78, ¶ 8). This May 3, 2005 testimony resulted in the aforementioned indictment against Fish.

Thereafter, motions were made on behalf of Fish to dismiss that indictment or, in the alternative, suppress the use of her May 3, 2005 grand jury testimony at the trial of her case. (Docket #10). This Court filed its Report, Recommendation and Order dated April 28, 2005 wherein it recommended suppression

of the May 3, 2005 grand jury testimony of Fish.  (Docket #22).  Thereafter, the government filed its objections to this Court's Report, Recommendation and Order on May 26, 2006 (Docket #27) recommending suppression.  The defendant Fish likewise filed objections to this Court's recommendation that her motion to dismiss the indictment against her be denied.  (Docket #28).

An evidentiary hearing on the government's objections and Fish's objections was held before Chief Judge Arcara on August 29 and 30, 2006 and thereafter, oral argument by the parties was held before the Chief Judge on November 14, 2006 as to their objections to this Court's Report, Recommendation and Order of April 28, 2006.  Decision was reserved on November 14, 2006.

While the aforesaid proceedings were taking place, AUSA Bruce obtained an indictment against the named defendants herein (Docket #25) which was filed as a "First Superseding Indictment" on May 5, 2006, and Bruce has continued as the lead prosecutor in this case and plans on being the lead trial attorney for the government when this case is called for trial.  (Docket #78, ¶ 14).

## DISCUSSION AND ANALYSIS

The defendant argues that Bruce "should be disqualified from serving as Attorney for the United States in the prosecution of Defendants David Cain, Jr. and Chris Cain (sic), Indictment Number 05-CR-360-A because the United States intends to

call AUSA Anthony Bruce as a principle witness in its prosecution of Shawna Fish, Indictment Number 05-CR-228-A." (Docket #75, p. 1). Because of this, the defendant claims that this would result in a violation of the "advocate-witness rule, ethical principles of professional conduct and both Federal and New York State law." (Docket #75, p. 1).

Further, the defendant speculates that "it is highly likely that Shawna Fish may be called as a witness in the present case, either for the government or for Defendants, where in either case, Defendants would question her at great length regarding the obvious influence that AUSA Anthony M. Bruce had on her recanted testimony; particularly his incorrect and misleading legal advice to Shawna Fish that she had the right to counsel only after giving her sworn testimony. As a result, AUSA Anthony M. Bruce would be forced to argue his own credibility before the jury." (Docket #75, p. 1). The defendant also claims that he may call "Bruce as a witness to testify to the interrogation of Shawna Fish conducted on May 3, 2005, when Shawna Fish recanted her previous sworn testimony." (Docket #75, p. 2).

22 N.Y.C.R.R. § 1200.21 (DR5-102) provides as follows:

> (a) A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, except that the lawyer may act as an advocate and also testify:

> (1) If the testimony will relate solely to an uncontested issue.
>
> (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
>
> (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the lawyer's firm to the client.
>
> (4) As to any matter, if disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as counsel in the particular case.

AUSA Bruce has stated in his affidavit sworn to October 25, 2006 that he does "not intend to testify in the Cain case" and that "the government does not intend to call Shawna Fish as a witness in the Cain case." (Docket #78, ¶¶ 5, 19). However, he does plan on testifying as a "witness at the Fish trial." (Docket #78, ¶ 9(b)). It is this Court's understanding that Mr. Bruce will not be the trial prosecutor in the Fish case.

The defendant's reliance on DR5-102 as a basis for disqualifying Bruce from acting as the trial prosecutor in this case is without legal support since Bruce has unequivocally stated under oath that he will not be a witness for the government in this case. The Shawna Fish prosecution is a totally separate prosecution, and the fact that Bruce intends on being a witness in that case is of no legal consequence since he is not the trial prosecutor in that case. The proposed testimony of Bruce in the Fish case does not constitute legally competent evidence against the defendants in this case and

could not be used in this case for purposes of proving the charges against the defendants in this case. The defendants seek to "piggyback" on the alleged claims of Fish that she was somehow intimidated by Bruce on May 3, 2005 causing her to disavow her grand jury testimony given on February 1, 2005 and that he deprived her of an opportunity to recant her prior testimony before the grand jury. Fish may have some legal claim in that context, but the defendants cannot vicariously adopt such claim as their own in this prosecution so as to disqualify Bruce as the government's trial attorney in this prosecution.

Furthermore, if the defendants should call Fish at the trial of their case, she may very well invoke her Fifth Amendment privilege since she has charges pending against her which in all likelihood will not be finally resolved by the time this case comes to trial.

Should Fish agree to testify and should she testify in a way that the defendants speculate, such testimony does not have to be refuted by the government by having Bruce testify. First, there are grand jury transcripts that could be offered in evidence to demonstrate the actual questioning of Fish that took place in both of her grand jury appearances. Secondly, there were government investigators who were present when Bruce questioned Fish on May 3, 2005 prior to her appearance before the grand jury on May 3, 2005 (Docket #78, ¶ 7). As a result, those investigators who were present during the May 3, 2005 interview of Fish could be called by the government as its witnesses to refute Fish's testimony. "Where witnesses other than

the prosecutor can testify to the same matters or conversations, no compelling need exists to call the prosecutor as a witness." *United States v. Wallach*, 788 F.Supp. 739, 744 (S.D.N.Y. 1992); *United States v. Sanchez*, 2004 WL 315266 (S.D.N.Y. 2004).

> The Court of Appeals for the Second Circuit has expressly stated that:
>
> A defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so. *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975), *cert. denied*, 424 U.S. 942, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976).
>
> * * *
>
> Standing alone, the mere fact that a prosecutor took part in grand jury proceedings in which a defendant presented false testimony should not bar that prosecutor from participating in a subsequent trial for perjury. *See United States v. Reilly*, 33 F.3d 1399, 1422 (3d Cir. 1994).
>
> * * *
>
> The jury's awareness of [the prosecutor's] role in the grand jury proceedings did not by itself make [her] an unsworn witness for the government.

*United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir.), *cert. denied* 521 U.S. 1106 (1997).

The argument of the defendant seeking to characterize Bruce as a potential "unsworn witness" if he remains as the trial prosecutor in this case was specifically addressed and rejected by the trial court in Regan wherein the Court stated:

> [E]very lawyer in every trial is to some extent an "unsworn witness." In many criminal cases, defense counsel seek to make an issue out of the prosecutor's conduct, *e.g.*, by cross-examining witnesses on whether prosecutors sought to influence their testimony or offered inducements for favorable testimony, and disqualification cannot be ordered every time this happens.

*United States v. Regan*, 887 F.Supp 748, 758 (S.D.N.Y. 1995), *aff'd*, 103 F.3d 1072 (2d Cir.); *cert. denied* 521 U.S. 1106 (1997).

Lastly, it is pointed out that AUSA Bruce has been substantially involved in the investigation and prosecution of this case for a number of months as the "lead prosecutor." It would be unfair and prejudicial to the government to require the government at this late date to bring in a new prosecutor with the trial of this case to commence in the relatively near future.[1] Replacing him at this time would be an unwarranted waste of resources. *See United States v. Regan, supra* at 1083.

Since the defendant's hypothesis is based solely on conjecture and speculation, he has failed to establish a "compelling" need and legitimate reason for calling Bruce as a witness in the trial of this case. Therefore, his motion to have Bruce disqualified is DENIED.

---

[1] The co-defendant David Cain, Jr. has been making frequent complaints about the length of time that it is taking to bring this case to trial and insists on having his right to a speedy trial effectuated.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

                                              **S/ H. Kenneth Schroeder, Jr.**
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**

**DATED:**     **Buffalo, New York**
                **November 24, 2006**