**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

               **v.**                       **05-CR-360A(Sr)**

**CHRIS CAIN,**

               **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Chris Cain ("the defendant"), is named, along with co-defendants David Cain, Jr. and James Soha, in a multicount, "First Superseding Indictment" wherein he is charged with having violated Title 18 U.S.C. § 1951 (Count 15), Title 18, U.S.C. § 844(h) (Counts 14, 32), Title 18, U.S.C. § 1341 (Count 13), Title 18, U.S.C. §§ 1512(b)(1) and (d) (Count 25), Title 18, U.S.C. § 1512(b)(2)(c) (Count 16), Title 18, U.S.C. § 1962(c) (Count 30), Title 18 U.S.C. § 1962(d) (Count 31), and Title 21, U.S.C. § 846 (Count 12).  (Docket #25).  He has filed an omnibus motion wherein he seeks dismissal of Counts Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Thirty, Thirty-One and Thirty-Two of the First Superseding Indictment.  (Docket #63).  At

the time of oral argument held before this Court on December 20, 2006, the defendant withdrew his motion to dismiss Count Twelve of the First Superseding Indictment.

The government has filed its opposition to the defendant's omnibus motion.  (Docket #67).

## DISCUSSION AND ANALYSIS

### 1.      Count Thirteen: Alleged Violation Of 18 U.S.C. § 1341:

The defendant asserts that "Count Thirteen of the Indictment, standing alone, should be dismissed as unconstitutionally vague as it covers a period of time in excess of three years."  He also argues that the count is "vague as the enumerated date for the offense alleged to have occurred is unreasonable wherefore the designated time period deprives Defendant of his Federal Constitutional rights, including the right to obtain fair notice of the nature of the charges against him . . . ."  Lastly, he argues that Count Thirteen is "facially insufficient as it fails to allege the requisite elements pursuant to 18 U.S.C. § 1341."  (Docket #63, p. 3).

Count Thirteen of the First Superseding Indictment sets forth a detailed description of a fraudulent scheme allegedly devised by the defendant with his co-defendant, David Cain, Jr., and an unindicted third person to defraud the New York Central Mutual Insurance Company for purposes of "obtaining money and property by means of false and fraudulent pretenses and representations" in violation of 18 U.S.C.

§ 1341.  (Docket #25, pp. 17-24).  Basically the count alleges a claim of insurance fraud based on an allegation of arson by one acting on behalf of or with the defendant for purposes of collecting insurance proceeds under a policy of insurance covering the premises burned.

On a motion to dismiss, the Court may assume the truth of the facts described in the indictment.  *United States v. Mango*, 199 F.3d 85, 89 (2d Cir. 1999).

In resolving questions concerning the sufficiency of an indictment or charging document, the United States Supreme Court has provided the following guidance:

> In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured.  These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'  Cochran and Sayre v. United States, 157 U.S. 286, 290; Rosen v. United States, 161 US 29, 34."  Hagner v United States, 285 US 427, 431, 76 L ed 861, 865, 52 S Ct 417.  See Potter v United States, 155 US 438, 445, 39 L ed 214, 217, 15 S Ct 144; Bartell v United States, 227 US 427, 431, 57 L ed 583, 585, 33 S Ct 383; Berger v United States, 295 US 78, 82, 79 L ed 1314, 1318, 55 S Ct 629; United States v Debrow, 346 US 372, 377, 378, 98 L ed 92, 97, 74 S Ct 113.

*Russell v. United States*, 369 U.S. 749, 763-64 (1962).

Count Thirteen clearly sets forth a time frame, albeit a general starting time, but also a definite ending time, *i.e.*, the date of the indictment during which the alleged fraudulent scheme was concocted and implemented.  It further expressly identifies the intended victim of the scheme, to wit, New York Central Mutual Insurance Company, and the manner in which the defendant and others intended to effectuate a fraud on the victim through the use of the United States Postal Service.

As a result, Count Thirteen, on its face, is valid.  Therefore, the defendant's claim in this regard is without legal merit and it is RECOMMENDED that this motion be DENIED.

**2.    Count Fourteen: Alleged Violation Of 18 U.S.C. § 844(h):**

This count charges a violation of 18 U.S.C. § 844(h) which states:

Whoever -

(1) uses fire . . . to commit **any** felony which may be prosecuted in a court of the United States . . . shall . . . be sentenced to imprisonment for 10 years.  (emphasis added).

Count Fourteen piggybacks onto Count Thirteen of the First Superseding Indictment which contains the allegation of use of fire, to wit, "arson" as part of the scheme to defraud in violation of 18 U.S.C. § 1341, which is a felony.

The defendant's argument that Count Fourteen "fails to allege the essential elements pursuant to 18 U.S.C. § 844(h) is totally without merit and therefore,

it is RECOMMENDED that his motion to dismiss this count be DENIED.

### 3.    Count Fifteen: Alleged Violation Of 18 U.S.C. § 1951:

The defendant argues that this Count "fails to allege a de minimis showing essential to confer jurisdiction on the federal courts for a robbery brought pursuant to the Hobbs Act."  (Docket #63, p. 8).  More specifically, he claims that "although Count Fifteen alleges that Defendant was involved in the robbery of an individual, it fails to make a de minimis showing that the robbery affected interstate commerce" and therefore, the Count should be dismissed.  (Docket #63, p. 10).

In response, the government argues that Count Fifteen charges a violation of 18 U.S.C. § 1951 by referencing a "robbery" perpetrated by the defendant and further alleging that said "robbery unlawfully obstructed, delayed, and affected, and attempted to obstruct, delay and affect commerce . . . ."  (Docket #67, p. 6).

Although this Court has serious reservations about the application of 18 U.S.C. § 1951 to the alleged "robbery" as described in Count Fifteen of the First Superseding Indictment (Docket #25), nevertheless, it finds that defendant's motion to dismiss is premature even if it is assumed, *arguendo*, that the government will fall short in the required proof that said "robbery" affected interstate commerce as required under 18 U.S.C. § 1951.

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

> Furthermore,

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1974).

Therefore, it is RECOMMENDED that defendant's motion to dismiss this

Count be DENIED.

### 4.    Count Sixteen: Alleged Violation Of 18 U.S.C. § 1512(b)(2)(C):

This count charges the defendant with having unlawfully "engaged in

misleading conduct toward Michelle Lawson with intent to have [her] evade legal

process summoning [her] to appear as a witness before the federal grand jury and

testify about the robbery more fully described in Count Fifteen of this indictment" by

"hid[ing]" her "so that she could not be found in the event authorities issued a subpoena

requiring her to appear before the federal grand jury."  (Docket #25).

The defendant argues that this count is legally defective in that "the

alleged conduct does not, if true, constitute activity that misled Michelle Lawson, which

is a requirement of the statute."  He also argues that "there was no known or

foreseeable federal investigation (or grand jury inquiry) into the Carter robbery in the

month of October 2003" which robbery he alleges was "nothing more than state law

robbery" thereby not properly providing for an "official proceeding" under the statute

charged.  As a result, he characterizes Count Sixteen as being "contrived, insufficient

and beyond this Court's jurisdiction."  (Docket #63, p. 10).


        The arguments put forth by the defendant seeking dismissal at this stage

of the litigation are without merit.  The charge in Count Sixteen basically "tracks" the

language of the statute and states the time period during which the named person was

caused by the defendant to "evade legal process summoning" in violation of the statute.

That is all that is necessary to constitute a valid charge.  *Russell v. United States*, 369

U.S. 749, 765-66 ) (1962). Whether the evidence offered by the government at trial is

sufficient to sustain this charge can only be addressed after the government has

presented its case.  Therefore, the defendant's motion to dismiss Count Sixteen at this

stage of the case is premature, and it is RECOMMENDED that it be DENIED.


        **5.      The Rico Counts (Counts 30 and 31): Alleged
                Violation Of 18 U.S.C. §§ 1962(c) and (d):**

        The defendant argues that the described activities in Counts 30 and 31

over a thirteen year period attributed to the defendant do not "constitute a 13 year

pattern of racketeering" and that "the predicate acts involving [the defendant] bear no

relation to the purposes of the enterprise" described in the Introduction To Counts Thirty

and Thirty-One of the First Superseding Indictment (Docket # 25, p.35)  and that the

predicate acts"attributed to [the defendant] are 'sporadic' and hence insufficient."

(Docket #63, p. 11).

> In order to have been engaged in a "pattern of racketeering
> activity," the government must prove that (1) the defendant
> committed at least two predicate acts of racketeering within
> ten years of one another, *see* 18 U.S.C. § 1961(5) (1988);
> (2) that these racketeering predicates are interrelated; and
> (3) that they reveal continued, or the threat of continued,
> racketeering activity, *see H.J. Inc. V. Northwestern Bell Tel.
> Co.*, 492 U.S. 229, 236-39, 109 S.Ct. 2893, 106 L.Ed.2d 195
> (1989).  The requirements or relatedness and continuity
> prevent the application of RICO to isolated or sporadic
> criminal acts.  *See United States v. Indelicato*, 865 F.2d
> 1370, 1375-76, 1381-82 (2d Cir. 1989).  Relatedness may
> be established by showing that the predicate acts have "the
> same or similar purposes, results, participants, victims, or
> methods of commission.'" *H.J., Inc.*, 492 U.S. at 240, 109
> S.Ct. 2893 (quoting 18 U.S.C. § 3575(e) (1988)).  The
> continuity prong of a RICO pattern "is both a closed-and
> open-ended concept, referring either to a closed period of
> repeated conduct, or to past conduct that by its nature
> projects into the future with a threat of repetition."  *Id.* at 241,
> 109 S.Ct. 2893.

*United States v. Diaz*, 176 F.3d 52, 93 (2d Cir.); *cert. denied by Rivera v. United States*,

528 U.S. 875 (1999).


In considering the defendant's motion to dismiss Counts 30 and 31 (RICO

counts) of the First Superseding Indictment (Docket #25), the factual allegations

contained in the "Introduction" to those counts and in the counts may be assumed to be

true.  *United States v. Mango*, 199 F.3d 85, 89 (2d Cir. 1999).  These factual allegations

are sufficient to validly plead a violation of 18 U.S.C. §§ 1962(c) and (d).  The essence

of the defendant's motion to dismiss these RICO counts relates to the prospective proof

that may or may not be offered by the government at trial and the sufficiency or validity

of that evidence to sustain the RICO counts.  As a result, the defendant's motion is

premature and therefore, it is RECOMMENDED that it be DENIED.

### 6.    Count Thirty-Two: Alleged Violation Of 18 U.S.C. § 844(h):

Count Thirty-Two of the First Superseding Indictment (Docket #25)

charges the defendant with "unlawfully and knowingly us[ing] fire and aid[ing],

abett[ing], command[ing] and counsel[ing] others to use fire to commit a felony that may

be prosecuted in a court of the United States; namely the felony charged in Court Thirty

of this indictment, and in particular the Fourteenth Racketeering Act" in violation of 18

U.S.C. §§ 844(h) and 2.


Although the defendant does not clearly articulate a legal basis for

attacking the validity of this Count, he has sufficiently raised the issue to warrant further

analysis by this Court.  I interpret the essence of the defendant's argument to be that

the government has attempted to bootstrap the provisions of 18 U.S.C. § 844(h) by

referencing the alleged violation of 18 U.S.C. § 1962(c ) set forth in Count Thirty of the

indictment based on the "racketeering activity" of "arson" as described in 18 U.S.C.

§ 1961(1) with specific reference to the "Fourteenth Racketeering Act," *i.e.*, "arson of

Georgia Korosecz's home."  (Docket #25).  Simply stated, the government has

attempted to use the New York State crime of arson as the predicate felony upon which

to base the charge of violation of 18 U.S.C. § 844(h) as set forth in Count Thirty-Two of

the First Superseding Indictment.  (Docket #25).  The "Fourteenth Racketeering Act"

expressly describes the predicate felony as being either § 105.10 of the New York

Penal Law and/or § 150.10 of the New York Penal Law.  Neither of these sections

constitute a federal crime *per se* which could be prosecuted in a court of the United

States standing alone.

        18 U.S.C. § 844(h) states:


        Whoever - (1) uses fire or an explosive to commit any felony
        which may be presented in a **court of the United States,**
        **. . .** (emphasis added).

        The aforesaid quoted language clearly establishes that § 844(h) applies to

any **federal** felony.  *See United States v. LaPorta*, 46 F.3d 152, 156 (2d Cir. 1994).


        The government attempts to create a federal felony by claiming the

alleged acts of arson and/or conspiracy to commit arson constitute "racketeering

activity" under 18 U.S.C. § 1961(1) and that such activity constitutes a felony under 18

U.S.C. § 1962( c) and (d) as charged in Counts 30 and 31 of the First Superseding

Indictment.  (Docket #25).  Further, the government seeks to rebut defendant's

argument by focusing on the principle of double jeopardy in the context of penalty

enhancement and relies on the case of *United States v. Colvin*, 353 F.3d 569 (7th Cir.

2003).  (Docket #67, pp. 10-12).  This reliance is misplaced and does not address the

legal issue at hand.  It is also pointed out that the Seventh Circuit Court of Appeals

ruled that a conspiracy charge under 18 U.S.C. § 241 could not be used as the

predicate felony to charge a violation of 18 U.S.C. § 844(h) even though the evidence

established that a "burning cross" was placed in front of a victim's home by stating that

> [b]ecause the conspiracy offense is the agreement alone,
> and because fire was not used in this case to form that
> agreement, fire could not have been used to commit the
> § 241 conspiracy.  We therefore conclude that the § 241
> offense cannot support Colvin's § 844(h)(1) conviction for
> using fire to commit a felony. . . .

*Id.* at 576.

In the case at bar, the government attempts to use a state conspiracy

crime, namely § 105.10 of the New York Penal Law, as the predicate felony to support

the charge under 18 U.S.C. § 844(h)(1) against the defendant.  Section 105.10 states

that:

> A person is guilty of conspiracy in the fourth degree when,
> with intent that conduct constituting:
>
> 1.  a Class B or Class C felony be performed, he or she
> agrees with one or more persons to engage in or cause the
> performance of such conduct; . . .

The crime under § 105.10 is the agreement and the "use of fire" is not

necessary to establish the existence of the agreement.  Therefore, § 105.10 of the New

York Penal Law, as alleged in the indictment herein does not validly provide the

required predicate federal felony upon which to base a charge of violation of 18 U.S.C.

§ 844(h) as alleged in Count Thirty-Two.

As an alternative predicate felony, the government charges § 150.10 of the New York Penal Law as the predicate felony on which to base the charge of violation of 18 U.S.C. § 844(h).  Section 150.10 states:

> A person is guilty of arson in the third degree when he intentionally damages a building or motor vehicle by starting a fire or causing an explosion.

This position of the government is totally without merit for the essence of its position is that the arson of September 27, 2003, as described in the Fourteenth Racketeering Act, forms the predicate felony to establish the racketeering felony of arson, to wit, the arson of September 27, 2003.  In other words, the government is arguing that fire was used to cause a fire on September 27, 2003 at the premises located at Georgia Korosecz's home.  (Docket #25, Fourteenth Racketeering Act). Since there can only be one offense under this factual circumstance, Count Thirty-Two of the First Superseding Indictment constitutes a multiplicitous count under the Blockburger  test  wherein the Court stated:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489, and authorities cited.  In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from

prosecution and punishment under the other."

*Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The government appears to be relying on the crime of arson as "racketeering activity" under 18 U.S.C. § 1961(1) in order to create a "federal predicate felony" to support a charge under § 844(h), to wit, the arson alleged in the Fourteenth Criminal Activity under Count 30 of the First Superseding Indictment (Docket #25). Therefore, the "same elements" test or the "Blockburger" test must be applied.  In doing so, I conclude that the elements necessary to establish the arson allegedly committed by the defendant in the Fourteenth Racketeering Act so as to convict him of having violated 18 U.S.C. § 1962( c) as alleged in Count 30, are the same that the government must establish in order to convict the defendant of having violated 18 U.S.C. § 844(h) as alleged in Count Thirty-Two since it is the same arson referenced therein.  The very essence of the crime of arson is the "use of fire or explosives."[1]

The Court of Appeals for the Second Circuit has reiterated this rule or test as follows:

> An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed. *See United States v. Holmes*, 44 F.3d 1150, 1153-54 (2d

---

[1] Arson is defined at common law as "the malicious burning of someone else's dwelling house or outhouse that is either appurtenant to the dwelling house or within the curtilage.  Under modern statutes, the intentional and wrongful burning of someone else's property (as to destroy a building) or one's own property (as to fraudulently collect insurance)."  Black's Law Dictionary, Seventh Edition.

Cir. 1995); *see also United States v. Nash*, 115 F.3d 1431, 1437 (9th Cir. 1997).  This violates the Double Jeopardy Clause of the Fifth Amendment, subjecting a person to punishment for the same crime more than once.  *See U.S. Const. Amend. V.; United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 125 L. Ed.2d 556 (1993) ("In both the multiple punishment and multiple prosecution contexts, this court has concluded that where two offenses for which the defendant is punished or tried cannot survive the "same elements" test, the double jeopardy bar applies."); *see also United States v. Morgan*, 51 F.3d 1105, 1108 (2d Cir. 1995) ('If a person is twice subject to punishment for the same offense, double jeopardy attaches.")

*United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999).

The Court went on to state:

In assessing whether a defendant is impermissibly charged with essentially the same offense more than once in violation of the Double Jeopardy Clause of the Constitution, the touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes.  *See Holmes*, 44 F.3d at 1154.  It is not determinative whether the same conduct underlies the counts; rather, it is critical whether the "**offense**" -- in the legal sense, as defined by Congress -- complained of in one count **is the same as that charged in another**.

To assess whether the two offenses charged separately in the indictment are really one offense charged twice, the "same elements" test or the "*Blockburger*" test is applied.  The *Blockburger* test examines whether each charged offense contains an element not contained in the other charged offense.  *See Dixon*, 509 U.S. at 696, 113 S. Ct. 2849.  If there is an element in each offense that is not contained in the other, they are not the same offense for the purposes of double jeopardy, and they can both be prosecuted.

Id. At 146

Enlightenment on the invalidity of Count Thirty-Two is also found in the

Second Circuit Court of Appeals holding in *United States v. LaPorta*, 46 F.3d 152 (2d

Cir. 1994) interpreting 18 U.S.C. § 844(h)(1) in the context of its applicability to the

particular facts of the case and, therefore, brevity is intentionally sacrificed.  The

defendants were charged with having burned a government vehicle in violation of 18

U.S.C. § 844(h)(1).  After having been found guilty on all five counts charged, the

District Court dismissed the charge alleging a violation of 18 U.S.C. § 844(h)(1) over the

government's objection.  (*See United States v. Sicurella*, 834 F.Supp. 621 (W.D.N.Y.

1993)) by ruling that § 844(f) of Title 18 specifically covered destruction of government

property by fire and thus trumped the § 844(h)(1) charge.  On appeal, the Court of

Appeals agreed with the District Court's analysis wherein it stated:

> We review an issue of statutory construction *de novo*.
> *United States v. Proyect*, 989 F.2d 84, 87 (2d Cir.), *cert.
> Denied*, ____ U.S. ____, 114 S.Ct. 80, 126 L.Ed.2d 49
> (1993).  When interpreting a statute, we start with the
> language of the statute.  *Schreiber v. Burlington N., Inc.*, 472
> U.S. 1, 5, 105 S.Ct. 2458, 2461, 86 L.Ed.2d 1 (1985).  In so
> doing, we read the statute "as a whole, since the meaning of
> statutory language, plain or not, depends on the context."
> *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221, 112 S.Ct.
> 570, 574, 116 L.Ed.2d 578 (1991) (citation omitted).
> Moreover, "'all parts of a statute, if possible, are to be given
> effect.'" *Fidelity Fed. Sav. & Loan Ass'n v. de la cuesta*, 458
> U.S. 141, 163, 102 S.Ct. 3014, 3027, 73 L.Ed.2d 664 (1982)
> (quoting *American Textile Mfrs. Inst. Inc. V. Donovan*, 452
> U.S. 490, 513, 101 S.Ct. 2478, 2492-93, 69 L.Ed.2d 185
> (1981)).  Finally, when the text proves to be ambiguous, we
> will turn to other sources to divine Congress' intent.

> 18 U.S.C. § 844(f) provides:

> Whoever maliciously damages or destroys, or
> attempts to damage or destroy, by means of fire or an
> explosive, any building, vehicle, or other personal or
> real property in whole or in part owned, possessed, or
> used by, or leased to, the United States . . . shall be
> imprisoned for not more than ten years. . . .

18 U.S.C. § 844(h)(1), on the other hand, provides:

> "Whoever uses fire or an explosive to commit any
> felony which may be prosecuted in a court of the
> United States [is guilty of an offense]."

*   *   *

Neither section mentions the other.  Section 844(f) does not state that it alone governs destruction of government property by fire or explosive.  Reading the statute as a whole, however, suggests that § 844(f) displaces § 844(h)(1) when the underlying offense is destruction of government property.

Section 844(f) is specifically limited to the *destruction of government property* by fire or explosive.  Section 844(h)(1), while also limited to fire or explosives, sweeps more broadly; it proscribes generally the use of these means to commit "any" federal felony, not just property destruction.  Under long-standing principles of statutory construction, a general section of a statute must give way to a specific one.  *See Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 1752-53, 64 L.Ed.2d 381 (1980) ("a more specific statute will be given precedence over a more general one, regardless of their temporal sequence") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S.Ct. 1827, 1836-37, 36 L.Ed.2d 439 (1973)).

The government contends that it simply exercised its right to elect between overlapping statutes, as it might choose to ignore a burglary and prosecute the accompanying larceny.  True, where an act violates more than one criminal statute, the government may usually prosecute under either statute.  *See United States v. Batchelder*, 442 U.S. 114, 123-24, 99 S.Ct. 2198, 2203-04, 60 L.Ed.2d 755 (1979).  Here, though, the specific statute - § 844(f) - must logically preempt the

-16-

general one, for otherwise § 844(f) would be rendered superfluous: § 844(h)(1), when coupled with § 1361 (which proscribes the willful injury of government property), would prohibit willful destruction of government property by fire, covering every circumstance that § 844(f) - malicious destruction of government property by fire - covers.  Such a construction would rob § 844(f) of all practical effect, surely not the Congressional intent.

The government makes much of the argument that section 844(h)(I) applies to the very same words, as they appear in 18 U.S.C. § 924(c) providing for enhanced penalties for crimes committed with a gun.  In that statute, the simple phrase "any felony" was held not to resolve "whether Congress intended (1) to provide for enhanced penalties only for crimes not containing their own enhancement provisions, (2) to provide an alternative enhancement provision applicable to all felonies, or (3) to provide a duplicative enhancement provision which would permit double enhancement."  *Busic*, 446 U.S. at 407, 100 S.Ct. At 1753.  We find the phrase "any felony" no less equivocal here.  Under the rule of lenity, this ambiguity has to be resolved in the defendants' favor.  *See United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) ("ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity") (quotation marks and citation omitted) (footnote omitted).

The reason the government turned to § 844(h)(1) is fairly transparent.  That section imposes a mandatory minimum sentence, and a consecutive one at that.  In contrast, although § 844(f) carries a sentence of up to ten years' imprisonment, it has no mandatory minimum.  We believe the government's novel twist on § 844(h)(1) is unwarranted.  *Cf. Id.* ("'when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite'") (quoting *United States v. Universal C.I.T. Credit Corp.* 344 U.S. 218, 221-22, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952)).

\*   \*   \*

-17-

We conclude, therefore, that where a defendant is charged
with *destruction of government property* by fire, the
government must proceed under § 844(f), rather than under
a combination of § 844(h)(1) and the underlying felony of
§ 1361.  Accordingly, the district court did not err in
dismissing Count Five of the indictment.

As to the case at bar, it is pointed out that 18 U.S.C. § 844(i) expressly

addresses the damaging or destruction of property or the attempt to do so as follows:

Whoever maliciously damages or destroys, or attempts to
damage or destroy, by means of fire or an explosive, any
building, vehicle, or other real or personal property used in
interstate or foreign commerce or in any activity affecting
interstate or foreign commerce shall be imprisoned for not
less than 5 years and not more than 20 years, fined under
this title, or both; and if personal injury results to any person,
including any public safety officer performing duties as a
direct or proximate result of conduct prohibited by this
subsection, shall be imprisoned for not less than 7 years and
not more than 40 years, fined under this title, or both; and if
death results to any person, including any public safety
officer performing duties as a direct or proximate result of
conduct prohibited by this subsection, shall also be subject
to imprisonment for any term of years, or to the death
penalty or to life imprisonment.

It is the finding of this Court that the logic espoused by the Second Circuit

Court of Appeals in *La Porta* equally applies to the charge contained in County Thirty-

Two of the First Superseding Indictment herein.  The specific acts of the defendant

referenced by the government wherein "fire was used," are the conspiracy to

"intentionally damag[e] a building (a residence) at 2256 River Road, Wheatfield,

New York by causing and starting a fire" (Docket #25, p. 51) and "committ[ing] an act

involving arson, that is, . . . intentionally damag[ing] a building, to wit: a residence at

2256 River Road, Wheatfield, New York by causing an explosion and starting a fire."
(Docket #25, p. 52).

Section 844(i) specifically addresses the damaging and/or destruction of property by way of an explosion and fire as alleged in the Fourteenth Racketeering Act in Count 30 of the indictment and as charged in Count Thirty-Two of the indictment.  As a result, § 844(i) trumps 844(h) in charging the violation set forth in Count Thirty-Two for the very same reasons iterated by the Court of Appeals in *United States v. La Porta, supra*.  Therefore, it is RECOMMENDED that for the reasons set forth above, the defendant's motion to dismiss Count Thirty-Two of the First Superseding Indictment (Docket #25) be GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

-19-

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

> **S/ H. Kenneth Schroeder, Jr.**    
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**

**DATED:**     **Buffalo, New York**
                 **May 9, 2007**