UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                  ORDER
v.                                            05-CR-360A

CHRIS CAIN,
                Defendant.

      This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1). Defendant Chris Cain filed an omnibus motion seeking dismissal of Counts 12, 13, 14, 15, 16, 30, 31, and 32 of the First Superseding Indictment. The government opposed the motion and on May 9, 2007, Magistrate Judge Schroeder issued a Report, Recommendation and Order recommending that the defendant's motion to dismiss Count 32 be granted, but that his motion to dismiss all other counts be denied.

      Both parties filed objections. The government objected to Magistrate Judge Schroeder's recommendation to dismiss Count 32. The defendant objected to Magistrate Judge Schroeder's recommendation to deny dismissal of Counts 12, 13, 14, 15, 16, 30 and 31. On August 8, 2007, this Court held oral argument on the objections. At oral argument, the Court requested that the government provide a proffer as to the evidence supporting the interstate

1

commerce element for the Hobbs Act violation alleged in Count 15.  On August 22, 2007, the government filed the requested brief and the defendant filed a response on September 12th.  The matter was deemed submitted on that date without further argument.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report, Recommendation and Order to which objections have been made.  Upon de novo review, and after reviewing the submissions and hearing argument from the parties, the Court hereby adopts Magistrate Judge Schroeder's recommendation to deny dismissal of Counts 12, 13, 14, 16, 30 and 31 of the First Superseding Indictment, and further adopts Magistrate Judge Schroeder's recommendation to grant dismissal of Count 32 for the reasons stated in his Report, Recommendation and Order.

As to Count 15 of the Second Superseding Indictment,[1] the defendant asks that the Court dismiss this Count because the government lacks sufficient evidence to prove the interstate commerce element of that offense.  Count 15 charges defendant with committing a Hobbs Act robbery when he and several others broke into the private residence of Thomas and Marjorie Carter for

---

[1] After this matter was deemed submitted, the government superseded the indictment against the defendants.  What was Count 15 of the Second Superseding Indictment is now Count 14 of the Third Superseding Indictment, however, what was a substantive Hobbs Act violation has been recast as a Hobbs Act conspiracy.  The fact that the crime has been recast as a conspiracy has no effect on the Court's analysis as to whether interstate commerce has been effected.  Both crimes require proof that the offense affected interstate commerce.

the purpose of obtaining money and firearms located at that residence.  As the parties are well aware, the Hobbs Act, 18 U.S.C. § 1951(a), "makes robbery or extortion (or attempt or conspiracy to rob or extort) a federal crime if that conduct 'in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce.'" United States v. Jamison, 299 F.3d 114, 11718 (2d Cir. 2002) (quoting the Hobbs Act).  In order to convict a defendant of a Hobbs Act violation, the government must prove an effect on interstate commerce beyond a reasonable doubt.  See United States v. Parkes, 497 F.3d 220, 227 (2d Cir. 2007).  "'In a Hobbs Act prosecution, proof that commerce was affected is critical since the Federal Government's jurisdiction of this crime rests only on that interference.'" Id. (quoting United States v. Elias, 285 F.3d 183, 188 (2d Cir. 2002)).

      The Court finds that it is premature to dismiss the Count at this point.  See United States v. Remire, 400 F. Supp. 2d 627,632 (S.D.N.Y. 2005).  If the government presents evidence that the defendant's conduct produced "any interference with or effect upon interstate commerce, whether slight, subtle or even potential," that would be sufficient to uphold the conviction under the Hobbs Act.  Id. at 631 (quotation omitted).  Accordingly, the motion to dismiss is denied without prejudice to renew at a Rule 29 proceeding.

SO ORDERED.

                                                   s/ *Richard J. Arcara*
                                                   HONORABLE RICHARD J. ARCARA
                                                   CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT

DATED:  October 12, 2007